IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICKEY SAWYERS, :
:
:
**Plaintiff,** :
: CIVIL NO. 3:12-CV-01694
v. :
: (Judge Mariani)
TIM BROWN, et al., :
:
**Defendants.** :

## MEMORANDUM

**I.    Introduction**

Plaintiff Rickey Sawyers ("Plaintiff" or "Sawyers"), an inmate currently confined at the State Correctional Institution, Huntingdon, Pennsylvania ("SCI-Huntingdon"), initiated the above captioned *pro se* action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). Presently pending before the Court is Defendant's motion for summary judgment. (Doc. 19). For the reasons discussed below, Defendants' motion for summary judgment will be deemed unopposed and granted.

**II.   Procedural Background**

On August 24, 2012, Sawyers filed a Complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). He complains of events which occurred in the Dauphin County Prison, his former place of confinement. *(Id.).* The named Defendants are the following Dauphin County

Corrections Officers: Tim Brown, Brandon Wetzel, and Kevin Hoch.[1] (*Id.*). Sawyers alleges a violation of his Eighth Amendment rights. (*Id.*). Specifically, Sawyers claims that, on June 22, 2012, Defendants set him up for an assault by another inmate, and that during the assault itself, Defendant Wetzel put Sawyers in a chokehold, to enable the other inmate to punch him continuously in the face and body. (*Id.*). Sawyers believes that the incident was precipitated by a verbal exchange he had several days beforehand with Defendant Brown after Brown refused to bring him toilet paper. (*Id.*).

On June 5, 2013, Defendants filed a Motion for Summary Judgment (Doc. 19), a statement of facts (Doc. 20), and a brief in support (Doc. 21). Sawyers failed to file a response to Defendants' motion for summary judgment. On August 29, 2013, the Court issued an Order directing Sawyers to file his opposition brief, including a responsive statement of material facts, on or before September 12, 2013. (Doc. 22). On October 30, 2013, the Court issued a second Order directing Sawyers to file his opposition brief and a responsive statement of material facts within twenty-one (21) days of the date of this Order.[2] (Doc. 23). To date, Sawyers has neither filed his opposition brief nor requested an extension of time in which to do so.

---

[1] In his Complaint, Sawyers refers to these defendants as "Brandon Weitzel" and "Tevin Hock." (Doc. 1). However, Defendants indicate the correct spelling of these defendants' names to be "Brandon Wetzel" and "Kevin Hoch." (*See* Doc. 19).

[2] This Order also noted that, in a previously filed motion to appoint counsel, Sawyers listed his address as Rickey Sawyers, KR6120, 1100 Pike Street, Huntingdon, PA 16654-112. (*See* Docs. 17, 23). A review of the Inmate Locator found on the Pennsylvania Department of Corrections' website verifies this address. Although Sawyers did not properly inform the Court of this change of address, the Court, in another attempt to evoke a response, served its October 30, 2013 Order on Sawyers at this address.

2

## III. Statement of Undisputed Material Facts

"A motion for summary judgment filed pursuant to Fed. R. Civ. P. 56 shall be accompanied by a separate, short and concise statement of the material facts ... as to which the moving party contends there is no genuine issue to be tried." See LR. 56.1. The opposing party shall file a separate statement of the material facts as to which it is contended that there exists a genuine issue to be tried. Id. "All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party." Id. Because Sawyers failed to oppose Defendants' statement, all facts contained therein are deemed admitted.

Sawyers has been incarcerated in Dauphin County Prison on two (2) occasions. (Doc. 20-1, Ex. A, Deposition Transcript of Plaintiff, 10:16-23). Sawyers received a copy of the Dauphin County Prison Inmate Handbook upon both of his commitments to Dauphin County Prison. (Id. at 11:10-18). The Dauphin County Prison Inmate Handbook sets forth the grievance procedure. (Doc. 20-2, Ex. B, Dauphin County Prison Grievance Appeal Process).

The grievance appeal process that Dauphin County Prison inmates are required to follow, as set forth in the Inmate Handbook, involves four (4) steps: (1) the submission of a grievance for review and determination by the Warden; (2) an appeal of any decision to the Chairman of the Dauphin County Prison Board of Inspectors; (3) an appeal of the

3

Chairman's decision to the full Dauphin County Prison Board of Inspectors; and (4) an appeal from the Prison Board's decision to the Dauphin County Solicitor. (*Id.*).

Sawyers' most recent commitment to the Dauphin County Prison was on July 21, 2011. (Doc. 20-3, Ex. C, Report of Extraordinary Occurrence on June 22, 2012).

On June 22, 2012, Sawyers was involved in an altercation with another inmate, Richard Aycock, after Aycock was moved into Sawyers' cell. (Doc. 20-1, Ex. A, 15:17-19; Doc. 20-3, Ex. C). Plaintiff failed to submit a grievance with regard to the incident itself. (Doc. 20-1, Ex. A, 40:19-21).

Sawyers claims he did not submit a grievance regarding the incident immediately following it because he was placed in segregation and did not have any of his belongings. (*Id.* at 40:19-24). Approximately ten (10) days following the incident, Sawyers was transferred to SCI-Camp Hill. (*Id.* at 40:25-41:6). Sawyers was subsequently transferred from SCI-Camp Hill to his current place of confinement at SCI-Huntingdon. (*Id.* at 9:2-14). Sawyers has failed to submit any type of grievance about the June 22, 2012 incident after he left Dauphin County Prison. (*Id.* at 41:7-12).

### IV. Standard of Review

Through summary adjudication, the court may dispose of those claims that do not present a "genuine issue as to any material fact." Fed. R. Civ. P. 56(a). Summary judgment should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the

movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Turner v. Schering–Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). "As to materiality, ... [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once such a showing has been made, the non-moving party must offer specific facts contradicting those averred by the movant to establish a genuine issue of material fact. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). "Inferences should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992), *cert. denied* 507 U.S. 912 (1993).

## V. Discussion

Pursuant to 42 U.S.C. § 1997e(a), no action shall be brought with respect to prison conditions under section 1983 or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. A prisoner must exhaust administrative remedies as to any claim that arises in the prison setting, regardless of any limitations on the kind of relief that may be gained

movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Turner v. Schering–Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). "As to materiality, ... [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once such a showing has been made, the non-moving party must offer specific facts contradicting those averred by the movant to establish a genuine issue of material fact. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). "Inferences should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992), *cert. denied* 507 U.S. 912 (1993).

## V. Discussion

Pursuant to 42 U.S.C. § 1997e(a), no action shall be brought with respect to prison conditions under section 1983 or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. A prisoner must exhaust administrative remedies as to any claim that arises in the prison setting, regardless of any limitations on the kind of relief that may be gained

through the grievance process. See *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[I]t is beyond the power ... of any ... [court] to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." *Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir. 2000) (*quoting Beeson v. Fishkill Corr. Facility*, 28 F. Supp. 2d 884, 894-95 (S.D.N.Y. 1998). Proper exhaustion is also required prior to commencing any suit in federal court. *Woodford v. Ngo*, 548 U.S. 81, 92 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91. Failure to substantially comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim. *Spruill v. Gillis*, 372 F.3d 218, 227-32 (3d Cir. 2004).

The record reveals that Sawyers has failed to exhaust his administrative remedies. Although Sawyers testified that he received and read a copy of the Dauphin County Prison Inmate Handbook, he admits that he failed to submit a grievance regarding this incident. (Doc. 20-1, Ex. A, 11:10-21, 40:19-41:12). As such, Sawyers has failed to exhaust his administrative remedies.

Sawyers attempts to set forth several arguments that he was prevented from filing a grievance. Sawyers states that he failed to file a grievance while at Dauphin County because the Prison took all of his property when he was moved to segregation. (*Id.* at

40:19-24). He then testified that, after a week in segregation, he was moved to P3 and then to P6. (*Id.* at 40:25-41:4). Finally, Plaintiff was moved to SCI-Camp Hill, (*Id.* at 41:4-6), where he claims that he had pencils but no paper when he first arrived. (*Id.* at 41:7-24). The Court finds these arguments unpersuasive.

An inmate must take advantage of all administrative remedies available to him. *Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002). An administrative remedy may be found to be unavailable where a prisoner is prevented by prison authorities from pursuing the grievance process. *See e.g., Brown*, 312 F.3d at 112 (noting that prison security officials told inmate he must wait to file grievance until the investigation was complete); *Camp v. Brennan*, 219 F.3d 279, 281 (3d Cir. 2000) (finding that inmate put on grievance restriction). Initially, the Court notes that the Third Circuit has found that transfer to another facility does not excuse the PLRA's exhaustion requirement. *See Williamson v. Wexford Health Sources, Inc.*, 131 Fed. Appx. 888, 890 (3d Cir. 2005) (affirming grant of summary judgment for failure to exhaust against plaintiff where plaintiff was transferred to a different prison after filing administrative claim, which plaintiff did not appeal). The Court further notes that an inmate cannot cite to alleged staff impediments to grieving a matter as grounds for excusing a failure to exhaust, if it also appears that the prisoner did not pursue a proper grievance once those impediments were removed. *See Oliver v. Moore*, 145 Fed. Appx. 731 (3d Cir. 2005). Therefore, any claims Sawyers would make regarding his failure to exhaust, such as confinement in segregation, lack of property, transfer to a different institution, or a lack of

7

paper would not excuse his exhaustion, since he failed to file any grievances regarding this incident after these impediments were removed.

Accordingly, Defendants' motion for summary judgment will be granted.[3]

## VI. Conclusion

For the reasons discussed above, Defendants' motion for summary judgment will be granted. An appropriate order follows.

Robert D. Mariani
United States District Judge

---

[3] Because the Court is granting summary judgment in favor of Defendants for Sawyers' failure to exhaust his administrative remedies, we will not consider the other grounds for summary judgment raised in Defendants' motion.

8